Aug. 12,
1875.                    BROWN *v.* ELLISON.

*Detinue—Pleading.*

The action of detinue does not lie to recover money, which, it is alleged in general terms, the defendant owes to the plaintiff.

This is an action for detinue to recover a wagon ; and the declaration is as follows : " * * In an action of detinue, for that whereas the plaintiffs heretofore, to wit, on the eighteenth day of December, A. D. 1874, at Exeter aforesaid, were possessed of a certain one-horse wagon, of the value of one hundred and thirty-five dollars, which thereafterwards, to wit, on the same day, came into the hands and possession of the defendant, by finding, yet the defendant, well knowing the premises and that the same is the property of the plaintiffs, hath not as yet delivered the same to the plaintiffs although requested so to do, but detains the same and still withholds the same from the plaintiffs.

"Also, in an action of detinue, that he, the defendant, render and pay to the plaintiffs the sum of one hundred and seven dollars, which he owes to the plaintiffs and unjustly detains from them."

The defendant filed a demurrer, and assigned the following causes thereof : (1) There is no description of the property named in the first count of said declaration, by which its identity can be ascertained or its value assessed. (2) The property claimed should be so described, that, upon a judgment for the specific article, the officer would be able to take the same on execution, and deliver it to the plaintiffs. (3) The plaintiffs should allege a special demand for the specific property claimed. No demand is alleged : the action of detinue will not lie.

(4) There is no allegation that the plaintiffs, while possessed of said property, lost the same, and that it came into the hands and possession of the defendant by finding. (5) The declaration should be in a plea of detinue, and not an " action of detinue." (6) In the second count, " an action of detinue " will not lie for money : it should· be in a plea of debt, which plea may be joined with detinue. (7) Detinue will not lie to recover money, unless it shall be in a bag, or bear some ear-mark by which it may be distinguished from other money. The specific character of the property must be set out : it is material. (8) No demand is alleged in said second count. (9) No specific money is claimed, and detinue will not lie where assumpsit or debt is the proper action. (10) The second count is incomplete, even were it properly brought in debt. No consideration is alleged, no ground of indebtedness stated : it wants all the elements to show even a cause of action.

The court, STANLEY, J., *pro forma* overruled the demurrer, and the defendant excepted.

The questions of law arising on the foregoing case were transferred to the superior court for determination.

*Wood*, for the plaintiffs.

*Towle & Leavitt*, for the defendant.

LADD, J. I am of opinion that, as to the first count in this declaration, the demurrer must be overruled. The defects pointed out by the special demurrer, and insisted on by the defendant in argument, are all such as come within the saving efficacy of Gen. Stats., ch. 207, secs. 8, 9. *Berry* v. *Osborn*, 28 N. H. 279.

The second count is, " That the defendant render and pay to the plaintiffs the sum of one hundred and seven dollars, which he owes to the plaintiffs and unjustly detains from them." It is said of the action of detinue, that " it lyeth where any man comes to goods, eyther by delivery or by finding. In this writ, the plaintiffe shall recover the thing detained, and therefore it must bee so certaine as it may be knowne, and for that cause it lyeth not for money out of a bagge or chest ; and so of corne out of a sacke, and the like, these cannot be knowne from other." Coke Litt. 286, b. On this excellent authority of my Lord Coke, I hold that as to the second count the demurrer must be sustained.

CUSHING, C. J., and SMITH, J., concurred.

*Demurrer sustained as to second count.*